IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISON

WAR EAGLE FARMS, LLC, et al.                              PLAINTIFFS

VS.                                              CAUSE NO.: 4:22-CV-58-DMB-DAS

AMERICAN AGRI-BUSINESS
INSURANCE CO., et al.                                         DEFENDANTS

PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS
PURSUANT TO F.R.C.P. 30(b)(6) and 30(b)(5)

PLEASE TAKE NOTICE that Plaintiffs in the above styled and numbered cause will commence to take the deposition upon oral examination of Defendants, American Agri-Business Insurance Co. and Agrisompo North America, Inc., pursuant to F.R.C.P. 30(b)(6) and 30(b)(5).

Said deposition is to commence at a mutually convenient date and time, and may be held via Zoom pursuant to Rule 30(b)(4). Said deposition shall be taken before an officer duly authorized to administer oaths, transcribed by stenographic means, and recorded by video, and may thereafter be used for any purpose permitted by the Rules of Civil Procedure.

Defendant insurers are directed to designate one or more persons to testify on their behalf concerning the subject matter set forth in Exhibit A. Each person so designated shall be prepared to testify as to all knowledge and information reasonably available to Defendants whether the same is personally known to the witness or not.

Pursuant to M.R.C.P. 30(b)(5), Defendants are directed to produce all documents and other tangible things in their possession, custody, or control which are described in Exhibit B, to bring a copy of said documents to the deposition, and to make said documents available for inspection and copying by Plaintiffs' counsel in advance of same.

# EXHIBIT A

# TOPICS FOR EXAMINATION

Pursuant to M.R.C.P. 30(b)(6), Plaintiffs requests that one or more persons be designated to testify to the following topics based not on personal knowledge alone but based up on the information reasonably available to Defendants.

As used herein, "Plaintiffs' claims" and "Plaintiff's claim" shall mean and refer to each claim alleged in the Complaint filed in this cause. "You" and "your" shall mean and refer to each Defendant and any of their employees, representatives, or agents.

1. The allegations made in Plaintiff's Complaint, and the documents attached thereto.

2. The facts supporting the denials and defenses contained in your Answer.

3. The documents you produced in discovery, including in your initial disclosures.

4. The documents Plaintiffs produced in discovery, including in their initial disclosures.

5. The claim denials at issue, their basis, the information you relied upon, and the identity of each person with any involvement in, or supervision over, the claim denials, at any level.

6. The basis for your post-denial claim activities and all related documents.

7. The crop hail policy at issue and each available endorsement to it including, but not necessarily limited to, the "wind plus" and "harvested grain coverage" endorsements.

8. When and by what entity the crop hail policy at issue was drafted, including its appraisal provision and any documents used in connection with said policy, e.g. the claim withdrawal form.

9. When and by what entity your "wind plus" and "harvested grain coverage" endorsements were drafted, including the specific limitations and exclusions to coverage identified in each.

10. A detailed examination of the "wind plus" endorsement at issue as related to (a) concurrent causes of loss; (b) successive causes of loss; and (c) a determination of wind versus water damage.

11. A detailed examination of the exclusions listed in your "wind plus" and "harvested grain coverage" endorsements.

12. A detailed examination of the content, purpose, and meaning of the appraisal provision of the crop hail policy at issue.

13. A detailed examination of the content, purpose, and meaning of the claim withdrawal forms presented to Plaintiffs.

14. The policies and procedures you are supposed to follow when handling claims under the crop hail policy at issue and its "wind plus" endorsement, or any policy or endorsement providing "green snap" coverage.

15. Whether the applicable policies and procedures were followed during your handling of Plaintiffs' claims and, if not, why.

16. The training and supervision you provide to persons who handle claims under the crop hail policy at issue and its "wind plus" endorsement, or any policy or endorsement providing "green snap" coverage.

17. The amount you collected in premiums under the "wind plus" endorsement at issue in the year Plaintiffs purchased their coverage and each of the preceding five years (a) in Mississippi; and (b) nationwide.

18. The total number of claims made under the "wind plus" endorsement at issue in the year of Plaintiffs' losses and each of the preceding five years (a) in Mississippi; and (b) nationwide.

19. The total amount you paid to all insureds who made a claim under the "wind plus" endorsement at issue in the year of Plaintiffs' losses and each of the preceding five years (a) in Mississippi; and (b) nationwide.

20. All correspondence, emails, notices, reports, or other communications between or among Defendants or their representatives including, but not limited to, investigators, agents, adjusters, appraisers, "umpires," national claim examiners, national private product claims managers, etc. regarding or relating to Plaintiffs' claims, and all documents attached to such communications.

21. All correspondence, emails, notices, reports, or other communications to any Plaintiff or the representative of any Plaintiff including, but not limited to, investigators, agents, attorneys, appraisers, "umpires," etc. regarding or relating to Plaintiffs' claims, and all documents attached to such communications.

22. All correspondence, emails, notices, reports, or other communications between or among Defendants or their representatives including, but not limited to, investigators, agents, adjusters, appraisers, "umpires," national claim examiners, national private product claims managers, etc. regarding or relating to whether appraisal is an appropriate means of resolving coverage disputes in Mississippi, and all documents attached to such communications.

23. All correspondence, emails, notices, reports, or other communications you received from any Plaintiff or the representative of any Plaintiff including, but not limited to, investigators, agents, attorneys, appraisers, "umpires," etc. regarding or relating to whether appraisal is an

appropriate means of resolving coverage disputes in Mississippi, and all documents attached to such communications.

24. Your basis and reasons for insisting that Plaintiffs participate in a post-denial appraisal process in light of existing Mississippi state and federal precedent.

25. Any and all remedial steps taken, changes made, or directives given by you as a result of an Order [16] entered in Cause No.: 3:22-cv-00051-MPM-RP on November 4, 2022.

26. Your complete claim file for each Plaintiff, and the identities of each person assigned thereto, involved therewith, or mentioned therein, along with a description of the role they each played in the handling, adjustment, investigation or denial of Plaintiffs' claims.

27. Your underwriting file for each crop hail policy at issue and its "wind plus" endorsement, including the information and method used to calculate the premium(s) you charged.

28. The meaning, calculation, and amount of reserves set for each Plaintiff's claim.

29. All information and documents you relied upon when calculating the total extent and value of the crop losses at issue, and the identity of each person involved in same.

30. All information and documents supporting your contention that 100% of the damage to Plaintiffs' crops was caused by water, and the identity of each person who will testify to same.

31. All information and documents suggesting that you had an arguable or legitimate basis for denying each Plaintiff's claim.

32. Any lawsuits, legal briefing, court decisions, or opinions (in-house or otherwise) of which you are aware regarding or relating to the "wind plus" endorsement at issue, or any policy or endorsement providing "green snap" coverage.

33. Any lawsuits, legal briefing, court decisions, or opinions (in-house or otherwise) of which you are aware regarding or relating to the appraisal provision of the crop hail policy at issue and its applicability to (a) Mississippi claims; and (b) coverage disputes.

34. Any lawsuits, legal briefing, court decisions, or opinions (in-house or otherwise) of which you are aware regarding or relating to the use of a claim withdrawal form that is the same or substantially similar to the one presented to Plaintiffs.

35. Your policies and procedures regarding or relating to seeking legal opinions from in-house counsel and/or outside counsel.

36. The availability, retention, and utilization of experts, attorneys or other third-parties to evaluate Plaintiffs' claims and provide scientific or legal advice or analysis regarding same.

37.     The number of "green snap" claims and acres inspected or appraised over the last 10 years by, separately, (a) Brad Taylor, (b) John Martin, (c) David Brace, (d) Jonathon McCollum, (e) Galen Givens, (f) Brian Ray, and (g) Wendy Ray.

38.     The number of "green snap" claims and acres that you or your predecessors agreed to pay after inspection or appraisal over the last 10 years, and the names and addresses of the claimants and the farm numbers and locations involved.

39.     The policies and procedures you have in place to ensure that claims such as Plaintiffs' are handled in a manner consistent with established Mississippi law.

40.     All correspondence, emails or computer log entries of employees, appraisers, supervisors, claims examiners, product claim managers, or others who may have participated in the adjustment or determination of Plaintiffs' claims.

41.     The relationship between Defendants and the relationship between them and Diversified Crop Insurance Services.

42.     The marketing and advertising efforts you or your predecessors engaged in with regard to the "wind plus" endorsement at issue, or any policy or endorsement providing "green snap" coverage.

43.     The amounts paid, as supported by billing records or invoices with dates of service, for any work pertaining to Plaintiffs' claims that was performed by (a) Brad Taylor, (b) John Martin, (c) David Brace, (d) Jonathon McCollum, (e) Galen Givens, (f) Brian Ray, and (g) Wendy Ray.

44.     As to Jonathan McCollum, the number of times, and the name or style of each case where, he performed services for you or your predecessors, Diversified Crop Insurance Services, or Attorney R. Jeff Allen, over the last 10 years, the amounts he has been paid, together with any file maintained on him, and all opinions rendered by him, whether as an appraiser, umpire, expert, investigator.

## EXHIBIT B

### DOCUMENTS TO BE PRODUCED

Pursuant to M.R.C.P. 30(b)(5), Plaintiffs request that you produce the following documents and other tangible things, to the extent not previously produced, bring a copy of said documents to the deposition, and make said documents available for inspection and copying by Plaintiffs' counsel in advance of same:

1.      All documents related to your policies and procedures for complying with Mississippi law regarding (a) crop loss claim investigations; (b) the appraisal process; and (b) claim withdrawals.

2.      All documents examined and relied upon by you as the basis for your denial of Plaintiffs' claims including, but not limited to, all written policies and procedures, insurance policies and endorsements, and underwriting coverage opinions.

3.      Defendants' complete paper and electronic claim file in this case including, without limitation:

>       a.      All written or electronic documents or communications, and all records of oral communications, whether occurring in person, by telephone, or by other means, to or from any of your employees, representatives, or agents regarding or relating to the investigation, handling, and/or appraisal of Plaintiffs' claims, including communications to or from any supervisor, claims manager, claims examiner, investigator, appraiser, or alleged "umpire";

>       b.      All written or electronic documents or communications, and all records of oral communications, whether occurring in person, by telephone, or by other means, to or from any Plaintiff or the representative of any Plaintiff and any of your employees, representatives, or agents regarding or relating to the investigation, handling, and/or appraisal of Plaintiffs' claims;

>       c.      Any written or electronic documents or communications, and all records of oral communications, whether occurring in person, by telephone, or by other means, to or from any third-party regarding or relating in any way to Plaintiffs' claims;

>       d.      All reports, correspondence, tapes, videos, and audio files regarding or relating in any way to Plaintiffs' claims;

>       e.      All photographs, either original, negative, or in their native format; and

>       f.      All other written or electronic documents or communications regarding or relating in any way to the claims at issue in the litigation.

4.      All documents related to the post-denial handling, investigation, and evaluation of Plaintiffs' claims.

5.      All coverage opinions and/or legal analyses you received during the five years prior to the denial of Plaintiffs' claims from any source, whether in-house, outside, or third-party, that is contained within Defendants' library or which you received during the pendency of this claim.

6.      All recorded calls between you and any Plaintiff or the representative of any Plaintiff relating to the claims at issue, even if only for quality control.

7.      All recorded calls between you and the sales agent or agency where Plaintiffs procured their coverages regarding or relating to the claims at issue.

8.      All PowerPoint and webinar sessions wherein Mississippi the "wind plus" endorsement and/or "green snap" coverage was discussed.

9. The policies, procedures, and training manuals for adjusting or appraising personnel handling Mississippi claims and particularly claims for alleged "green snap" losses.

10. Your underwriting file for each Plaintiff.

11. All documents supporting the contention that you had an arguable or legitimate basis for denying each Plaintiff's claim.

12. All documents relating to the number of "green snap" claims presented to you within the last five years (a) in Mississippi; and (b) nationwide.

13. Any in-house legal briefing or opinions on the exclusions contained in the "wind plus" endorsement at issue.

14. Any in-house legal briefing or opinions related to the "wind plus" endorsement at issue and (a) concurrent causes of loss; (b) successive causes of loss; or (c) a determination of wind versus water damage.

15. All documents, communications, emails, position papers, or other materials suggesting that the appraisal process should be allowed to determine the cause of a Mississippi insured's losses.

16. All marketing and advertising efforts you or your predecessors engaged in with regard to the "wind plus" endorsement at issue, or any policy or endorsement providing "green snap" coverage.

17. All documents or electronically-stored information identified or discussed in Exhibit A.

    Respectfully submitted,

    */s/ Lawrence J. Tucker, Jr.*
    H. SCOT SPRAGINS, MSB #7748
    LAWRENCE J. TUCKER, JR., MSB #100869
    Hickman, Goza & Spragins, PLLC
    Post Office Drawer 668
    Oxford, MS 38655-0668
    (662) 234-4000 (telephone)
    (662) 234-2000 (facsimile)
    sspragins@hickmanlaw.com
    ltucker@hickmanlaw.com
    *Counsel for Plaintiffs*

OF COUNSEL:

RALPH E. CHAPMAN, MSB #5962
Chapman, Lewis & Swan, PLLC
P. O. Box 428
Clarksdale, MS 38614
(662) 627-4105 (telephone)
(662) 627-4171 (facsimile)
ralph@chapman-lewis-swan.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that I electronically filed the foregoing document with the Clerk of the court using the ECF system, which sent notification of such filing to all counsel of record including:

    Wilton V. Byars, III, Esq.
    Lauren E. Ward, Esq.
    DANIEL COKER HORTON & BELL, P.A.
    P. O. Box 1396
    Oxford, MS 38655-1396
    wbyars@danielcoker.com
    lward@danielcoker.com

    DATED: May 17, 2023

                                                    */s/ Lawrence J. Tucker, Jr.*
                                                    LAWRENCE J. TUCKER, JR.