**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WAR EAGLE FARMS, LLC, ET AL.**                                                                           **PLAINTIFFS**

**V.**                                                                 **CIVIL ACTION NO. 4:22-CV-58-DMB-DAS**

**AMERICAN AGRI-BUSINESS INSURANCE CO.
and AGRISOMPO NORTH AMERICA, INC.
and JOHN DOES 1-10**                                                                                       **DEFENDANTS**

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION**

  **COME NOW** Defendants American Agri-Business Insurance Company ("AABIC") and AgriSompo North American, Inc. ("AgriSompo") (collectively "Defendants"), by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure assert the following Objections to Plaintiffs' *Notice of Deposition of Defendants Pursuant to F.R.C.P. 30(b)(b)(6) and 30(b)(5)* ("*Notice of Deposition*"):

  **1.**  Defendants object to Plaintiffs' utilization of M.R.C.P. 30 as authority in support of the *Notice of Deposition*. Plaintiffs filed their *Complaint* in the United States District Court for the Northern District of Mississippi. As such, the Federal Rules of Civil Procedure apply to their request for Defendants' corporate deposition and Defendants' objections and responses to the same.

  **2.**  Plaintiffs filed their *Notice of Deposition* on May 17, 2023. In the *Notice of Deposition*, Plaintiffs requested that Defendants designate one or more individuals to testify on behalf of Defendants regarding 44 Topics for Examination ("Topics"). Defendants object in whole or in part to the Topics, as follows:

### Topics 1 and 2

Defendants object to Topics 1 and 2 to the extent they may call for the witness to testify regarding legal conclusions. Additionally, Plaintiffs' *Complaint* and Defendants' *Answer and*

*Defenses* filed in this action speak for themselves. Subject to and without waiving these objections, Defendants will designate an individual to testify regarding the Defendants' knowledge related to the factual assertions in the *Complaint* and the factual basis for their defenses in the *Answer and Defenses*.

### Topic 4

Defendants object to Topic 4 to the extent that it may call for the witness to testify regarding documents not created by Defendants. These documents were produced by Plaintiffs in this action, thus any testimony related to the same will be limited to Defendants' knowledge regarding the documents.

### Topic 6

Defendants object to Topic 6 to the extent it is overly broad and vague based on Plaintiffs' failure to define "post-denial claims activities." Subject to and without waiving these objections, Defendants will designate an individual to testify to regarding the denials of Plaintiffs' claims and additional events occurring after said denials and prior to this suit being filed.

### Topics 7, 9, 11, 14, 16, and 42

Defendants object to Topics 7, 9, 11, 14, 16, and 42 to the extent they require Defendants to designate a witness to testify regarding policy endorsements not at issue in this action. Specifically, Plaintiffs' claims were denied pursuant to general and specific provisions of Plaintiffs' crop hail insurance policies and the optional wind plus endorsement. Subject to and without waiving this objection, Defendants will designate an individual to testify to the at-issue provisions of the crop hail policy and wind plus endorsement for the 2021 crop year.

### Topic 17

Defendants object to Topic 17 to the extent it is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence by requiring Defendants to produce a

witness to testify to premium amounts collected by Defendants in other locations and for other crop years, which is irrelevant to the issues involved in this action.

### Topics 18, 19, and 38

Defendants object to Topics 18, 19, and 38 to the extent they are overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence by requiring Defendants to produce a witness to testify to information from a five-year period or more for the entire state of Mississippi and nationwide. Plaintiffs' subject losses occurred in Leflore, Tallahatchie, and Quitman Counties in Mississippi for their corn crops during the 2021 crop year allegedly due to weather events specific to a period in May and June 2021. Plaintiffs' requests for information related to other counties, states, crops, and crop years are not narrowly tailored in time and scope to the issues of this case. Further, Defendants object to Topics 18, 19, and 38 to the extent they violate the privacy rights of Defendants' other insureds. Subject to and without waiving these objections, Defendants will designate an individual to testify to the non-protected information for corn policies in Leflore, Tallahatchie, and Quitman Counties in Mississippi for the 2021 crop year.

### Topic 20

Defendants object to Topic 20 to the extent it is overly broad and unlikely to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Defendants will designate an individual to testify to communications regarding Plaintiffs' claims.

### Topics 21 and 44

Defendants object to Topics 21 and to the extent they are overly broad and unlikely to lead to the discovery of admissible evidence and to the extent they seek information protected by the attorney-client privilege. Subject to and without waiving this objection, Defendants will designate an individual to testify to communications with Plaintiffs regarding their claims.

**Topics 22, 23, 24, and 25**

Defendants object to Topics 22, 23, 24, and 25 to the extent they may call for the witness to testify regarding legal conclusions. Subject to and without waiving this objection, Defendants will designate an individual to testify regarding the facts related to the use of the appraisal process for Plaintiffs' claims.

**Topic 28**

Defendants object to Topic 28 pursuant to F.R.C.P. 26(b)(3)(B) to the extent it calls for disclosure of mental impressions concerning litigation. Subject to and without waiving this objection, Defendants will designate an individual to testify regarding any reserve information preceding Plaintiffs filing their *Complaint* in this action.

**Topics 29 and 30**

Defendants object to Topics 29 and 30 to the extent they are overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will designate an individual to testify regarding the facts related to Plaintiffs' claims.

**Topic 31**

Defendants object to Topic 31 to the extent it is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence and to the extent it may call for the witness to testify regarding legal conclusions. Subject to and without waiving these objections, Defendants will designate an individual to testify regarding the facts related to Plaintiffs' claims.

**Topics 32, 33, 34, and 35**

Defendants object to Topics 32, 33, 34, and 35 to the extent (1) they are overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, (2) they may call for the witness to testify regarding legal conclusions, and (3) they seek information protected by the attorney-client privilege.

**Topic 36**

Defendants object to Topic 36 to the extent it seeks information protected by the attorney-client privilege. Defendants will disclose their experts in accordance with F.R.C.P. 26 and the Court's case management deadlines.

**Topic 37**

Defendants object to Topic 37 to the extent it seeks information not within the corporate knowledge of Defendants. This information is reasonably available to Plaintiffs through the depositions of the listed individuals. Subject to and without waiving this objection, Defendants will designate an individual to testify regarding the inspection and/or appraisal experience of the listed individual to the extent they are aware of the same.

**Topics 39 and 40**

Defendants object to Topics 39 and 40 to the extent (1) they are overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, (2) they may call for the witness to testify regarding legal conclusions, and (3) they seek information protected by the attorney-client privilege. Subject to and without waiving these objections, Defendants will designate an individual to testify the facts related to Plaintiffs' claims.

3. Subject to and without waiving the objections outline above, Defendants designates the following witnesses as F.R.C.P. 30(b)(6) representatives for deposition purposes:

John Martin: 1-6, 13-16, 18-26, 28-31, 37-44
Janell Watson: 3, 4, 7-12, 27, 41, 42

4. Plaintiffs next specified 17 requests for documents to be produced at and/or before the date of the requested deposition. Plaintiffs rely on M.R.C.P. 30(b)(5) to support their request for documents in advance of the deposition. F.R.C.P. 30(b)(2) applies to their request for documents related to the requested deposition and requires only that Defendants produce documents at the deposition. Defendants' designated representatives and/or counsel of record will

bring any non-objectionable requested documents available that have not been previously produced with them to the deposition(s), and may make said documents available before, if possible.

5.   Defendants respond and/or object to Plaintiffs' requests for documents as follows:

### Requests 1,2, 4, 9, 10, and

Please refer to the documents produced by these Defendants to date.

### Request 3, 5, 8, 11, 13, 14, and 15

Defendants object to Requests 3, 5, 8, 11, 13, 14, and 15 to the extent they seek information and documents protected by the attorney-client privilege and to the extent they are overly broad, not narrowly tailored to the issues in this action, and unlikely to lead to the discovery of admissible evidence.

### Request 4

Defendants object to Request 4 to the extent it is overly broad and vague based on Plaintiffs' failure to define "post-denial claims activities," and to the extent that it seeks information and documents protected by the attorney-client privilege.

### Requests 6 and 7

Defendants are not currently in possession of documents or materials responsive to these Requests, and, therefore, are unable to produce the same.

### Request 12

Defendants object to Request 12 to the extent it is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence by requiring Defendants to produce materials and documents from a five-year period for the entire state of Mississippi and nationwide. Plaintiffs' subject losses occurred in Leflore, Tallahatchie, and Quitman Counties in Mississippi for their corn crops during the 2021 crop year allegedly due to weather events specific to a period in May and June 2021. Plaintiffs' requests for information related to other counties, states, crops,

and crop years are not narrowly tailored in time and scope to the issues of this case. Further, Defendants object to Request 12 to the extent it violates the privacy rights of Defendants' other insureds.

### Request 16

In their *Complaint*, Plaintiffs allege that Defendants "publish false and misleading" "advertising and marketing information." Doc. 1 at pp. 11-12, ¶¶91-95. Plaintiffs have not alleged that they relied on marketing and/or advertising materials published by Defendants to their detriment. Plaintiffs have also failed to identify any such advertising and marketing materials in discovery to date, instead identifying only www.agrisompo.com/why-crop-insurance-matters/. Due to Plaintiffs' failure to adequately plead a claim based on any marketing and advertising materials of Defendants and their failure to identify the materials they actually relied on, Defendants object to Request 16 to the extent it is overly broad, not narrowly tailored to the issues in this action, and unlikely to lead to the discovery of admissible evidence.

### Request 17

Please refer to Defendants' objections and responses to the Topics of Examination provided in Exhibit A of Plaintiffs' *Notice of Deposition*.

**RESPECTFULLY SUBMITTED,** this the 26th day of June, 2023.

                                            **AMERICAN AGRI-BUSINESS INSURANCE COMPANY and AGRISOMPO NORTH AMERICA, INC.**

BY:    /s/ *Wilton V. Byars III*
          OF COUNSEL

WILTON V. BYARS III – MS BAR NO. 9335
wbyars@danielcoker.com
LAUREN E. WARD – MS BAR NO. 105019
lward@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel for American Agri-Business Insurance Company and AgriSompo North America, Inc., do hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record, including:

> H. Scot Spragins
> sspragins@hickmanlaw.com
> Lawrence J. Tucker, Jr.
> ltucker@hickmanlaw.com
> HICKMAN, GOZA & SPRAGINS, PLLC
> Post Office Drawer 668
> Oxford, Mississippi 38655-0668
>
> Ralph E. Chapman
> ralph@chapman-lewis-swan.com
> CHAPMAN, LEWIS & SWAN, PLLC
> P.O. Box 428
> Clarksdale, Mississippi 38614
> *Attorneys for Plaintiffs*

**THIS,** the 26th day of June, 2023.

BY: /s/ *Wilton V. Byars III*
OF COUNSEL